John T. Anderson, Esq.
ANDERSON & KARRENBERG, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah 84101-2035
Tel: (801) 534-1700
Fax: (801) 364-7697
janderson@aklawfirm.com

Co-Counsel:

Michael J. Keaton, Esq.
Jason R. Klinowski, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: (847) 934-6500
Fax: (847) 934-6508
keaton@pacatrust.com
klinowski@pacatrust.com



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GRANT FAMILY FARMS, INC., | **COMPLAINT** |
| Plaintiff, | Case: 2:10cv00551<br>Assigned To : Alba, Samuel<br>Assign. Date : 6/15/2010<br>Description: Grant Family Farms v.<br>LiquaDry et al. |
| vs. | |
| LIQUA-DRY, INC. a/k/a LIQUADRY, INC.,<br>and DEEANNA PETERSON, each<br>individually, | |
| Defendants. | |

For its complaint, Plaintiff respectfully states as follows:

1

## THE PARTIES

1.      Grant Family Farms, Inc. (the "Plaintiff"), has offices, *inter alia*, in Wellington, Colorado and operates its business under a valid PACA License issued by the United States Department of Agriculture.

2.      Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3.      Defendants are:

      a.      Liqua-Dry, Inc. a/k/a Liquadry, Inc., a Utah corporation doing business in Abrahams, Utah (the "Company");

      b.      Engaged in the business of purchasing or selling Produce in wholesale or jobbing quantities and, therefore, a "dealer" of Produce as defined by the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (the 2004 & Supp. 2006 "PACA"), and;

      c.      On information and belief, Deeanna Peterson, individually (the "Principal"), is an officer or director or shareholder in a position to control the Company at all times relevant to this action.

**The Company and the Principal are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

4.      The District Court has jurisdiction over this civil action arising under § 5(c)(4) of the PACA, 7 U.S.C. § 499e(c)(4), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part

2

of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff sold to the Defendants, and the Defendants purchased from Plaintiff, Produce having an invoice value in the current amount of $33,523.20, as set forth in the chart attached hereto and incorporated herein as Exhibit A.

7. The Company accepted each load of Produce which corresponds to the invoice number(s) as listed on Exhibit A.

8. The Company accepted each load of Produce stated in Exhibit A within the State of Alabama.

9. The Company failed to reject the Produce which corresponds to the invoice number(s) as listed on Exhibit A.

10. The Company failed to obtain a USDA inspection to document any problems, complaints or rejection of the Produce which corresponds to the invoice number(s) as listed on Exhibit A.

11. The Plaintiff issued to the Company, and the Company received, each of the invoices listed in Exhibit A.

12. The Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Defendants for which it remains unpaid.

13. The Defendants failed to deliver good funds to the Plaintiff in the amount set forth under "Trust Amount" in Exhibit A, despite repeated demands from the Plaintiff.

3

## COUNT I.

### ENFORCEMENT OF THE PACA TRUST
7 U.S.C. § 499e(c)

#### COMPANY and PRINCIPAL

14.    Plaintiff re-alleges paragraphs 1 through 13 as though fully set forth herein.

15.    The Defendants are in possession, custody and control of all assets derived from the Company's sale of Produce (the "PACA Trust Assets") for the benefit of Plaintiff and other similarly-situated PACA trust beneficiaries.

16.    The Defendants failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets for all shipments of Produce as listed in Exhibit A.

17.    The Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claim asserted in this action.

18.    As a direct result of the Defendants' failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff suffered damages which are covered under the PACA trust in the current amount of $33,523.20, plus further interest and attorneys' fees incurred in this action. Plaintiff further seeks the entry of an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff.

4

## COUNT II.

### FOR VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT: FAILURE TO PAY PROMPTLY
7 U.S.C. § 499b(4)

#### COMPANY and PRINCIPALS

19.     Plaintiff re-alleges paragraphs 1 through 18 as though fully set forth herein.

20.     The Defendants received each of the shipments of Produce referenced in

paragraph 6 above.

21.     The Defendants failed to pay these invoices within the applicable payment terms

in effect between the parties at the time of each transaction.

22.     As a direct result of the Defendants' failure to pay for each invoice within terms,

the Plaintiff has incurred damages in the current aggregate amount of $33,523.20, plus additional

interest and attorneys' fees incurred in this action.

## COUNT III

### BREACH OF CONTRACT

#### COMPANY

23.     Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

24.     Plaintiff and the Company entered into contracts under which Plaintiff agreed to

sell the Produce and the Company agreed to purchase the Produce, each of which are referenced

in paragraph 6 above.

25.     Plaintiff delivered conforming goods to the Company and has otherwise satisfied

all conditions of the contracts.

26.     The Company failed to pay for each shipment of Produce referenced in paragraph

5

6 above.

27.     As a direct result of the Defendants' failure to pay for each shipment of Produce, the Plaintiff has incurred damages in the current aggregate amount of $33,523.20, plus additional interest and attorneys' fees incurred in this action.

## COUNT IV.

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

#### PRINCIPAL

28.     Plaintiff re-alleges paragraphs 1 through 27 as though fully set forth herein.

29.     On information and belief, at all times relevant to this action, the Principal was the person in charge of all aspects of the Company's business undertakings.

30.     On information and belief, at all times relevant to this action, the Principal was the person engaged in the business of buying or selling Produce in interstate commerce in wholesale or jobbing quantities.

31.     On information and belief the Principal controlled and managed the Company's operations and had control over its financial dealings, including those involving the PACA Trust Assets.

32.     On information and belief, the Principal had authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

33.     As officer or director of the Company, the Principal was a statutory trustee with a duty to safeguard the PACA Trust Assets and were required to maintain the trust assets in such a manner as to ensure there are, at all times, sufficient trust assets to satisfy all outstanding PACA

6

trust obligations such as that owed to Plaintiff.

34.    Because the Principal controlled the Company, and Plaintiff's invoices have not been paid from PACA trust assets as their bills fell due, the Principal breached her fiduciary duties under the PACA trust.

35.    The Principal continues to hold any and all PACA Trust Assets having come into her individual possession as trustee for Plaintiff's beneficial interest in the PACA trust.

36.    The Principal is personally liable to Plaintiff, which liability is joint and several with the Company and any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust to the extent of $33,523.20, plus additional interest and attorneys' fees incurred in this action, to be satisfied from the Principal's personal assets.

**FOR THESE REASONS,** Plaintiff seeks the entry of an Order providing as follows:

A)    As to Count I: (i) entering an Order creating a common fund and/or otherwise compelling the preservation of the Companies' PACA trust assets for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries that properly intervene in the instant action (ii) entering an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff and (iii) entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, in the current amount of $33,523.20, plus further interest at the contract rate of 1.5% per month and attorneys' fees incurred herein, less any actual recovery on other Counts herein;

7

B)     As to Count II, entering a Final Judgment in favor of Plaintiff and against the
       Defendants, jointly and severally, in the current amount of $33,523.20, plus further
       interest at the contract rate of 1.5% per month and attorneys' fees incurred herein, less
       any actual recovery on other Counts herein;

C)     As to Count III, entering a Final Judgment in favor of Plaintiff and against the
       Company for breach of contract in the current amount of $33,523.20, plus further
       interest at the contract rate of 1.5% per month and attorneys' fees incurred herein, less
       any actual recovery on other Counts herein;

D)     As to Count IV, entering a Final Judgment in favor of Plaintiff and against the
       Principals, on a joint and several basis with the Company, for a breach of their
       fiduciary duties to the PACA trust, in the current amount of $33,523.20, plus further
       interest at the contract rate of 1.5% per month and attorneys' fees incurred herein, less
       any actual recovery on other Counts herein, and;

E)     Providing such other and further relief as the Court deems appropriate upon
       consideration of this matter.

DATED this _14_ day of June, 2010.

ANDERSON & KARRENBERG

John T. Anderson
**Counsel for Plaintiff**

Michael J. Keaton, Esq.
Jason R. Klinowski, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500
Fax: 847/934-6508
keaton@pacatrust.com
klinowski@pacatrust.com

**Counsel for Plaintiff**