Gregg K. Stepan, gstepan@splutah.com, 8505
Christopher F. Lewis, clewis@slputah.com, 8556
Attorneys for Defendant Deeanna Petersen
STEPAN, LEWIS & PAXMAN, LC
7410 Creek Road, Suite 100
Sandy, Utah 84093
Tel. 801.233.0606
Fax 801.233.0607

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| GRANT FAMILY FARMS, INC.,<br><br>            Plaintiff,<br><br>vs.<br><br>LIQUA-DRY, INC. a/k/a LIQUADRY, INC., and DEEANNA PETERSEN, each individually,<br><br>            Defendants. | **DEFENDANT DEEANNA PETERSEN'S MEMORANDUM IN SUPPORT IN SUPPORT OF DEFENDANT DEEANNA PETERSEN'S MOTION TO DISMISS**<br><br>Civil No. 2:10-cv-551<br><br>Judge Samuel Alba |

Defendant Deeanna Petersen (hereafter, "Petersen" or "Defendant"), by and through counsel, Stepan Lewis & Paxman, LC, hereby provides this memorandum in support of the Defendant Deeanna Petersen's Motion to Dismiss.

**BACKGROUND**

Liqua-Dry, Inc. ("Liquadry") ordered beets from the Plaintiff, and specifically requested

(and Plaintiff specifically promised to provide) clean and usable beets. The beets that arrived at Liquadry's facility were dirty and unusable, and as such, the powder that Liquadry tried to produce from the beets contained E. coli bacteria and unusually high levels of other microbials, making the powder unsaleable and unusable. Plaintiff materially breached the contract by not providing clean and usable beets, and Liquadry informed Plaintiff of its breaches within a reasonable time. Plaintiff's material breaches caused significant damage to Liquadry, as Liquadry was not able to fill its customer orders for powder. Liquadry tried to workout a solution to the problem with Plaintiff, but a solution could not be reached. Liquadry paid a discounted amount to Plaintiff (Liquadry paid for two of the four shipments, totalling more than half of the total invoiced amounts), to offset for the damage Plaintiff caused to Liquadry. Liquadry also has spent thousands of dollars trying to invent a process to make the unusable beet powder into saleable product. Plaintiff has now filed the Complaint seeking full payment, despite its material breaches.

## ARGUMENT

Plaintiff sets forth, in its Complaint, three causes of action against Defendant Petersen individually. All of Plaintiff's causes of action against Defendant Petersen in the Complaint require, under the provisions of the Perishable Agricultural Commodities Act, 1930 ("PACA") (7 U.S.C. §§ 499a-499t), that Defendant Petersen is an officer, director or shareholder of Liqua-Dry, Inc. (hereafter, "Liquadry") or is otherwise in control of Liquadry or its assets. Because Defendant is not (and has never been) an officer, director or shareholder of Liquadry and because Defendant Petersen is not (and has never been) otherwise in control of Liquadry or its assets,

Plaintiff has failed to state any claim against Defendant Petersen upon which relief can be granted.  Therefore, all causes of action in the Complaint against Defendant Petersen should be dismissed with prejudice.

Under the relevant provision of PACA, perishable commodities or proceeds from the sale of those commodities are held in trust by the buyer for the benefit of the unpaid seller until full payment is made.  7 U.S.C. § 499e(c)(2).  "An individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty."  Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir. 2007).

In this case, the buyer of the beets was Liquadry, and as such, Plaintiff named Liquadry as a defendant in the Complaint.  Plaintiff also named Defendant Petersen, individually, as a defendant, under three causes of action in the Complaint, apparently assuming (and alleging upon information and belief) that Defendant Petersen is an officer, director or shareholder of Liquadry or is otherwise in control of Liquadry's assets.  All causes of action in the Complaint against Defendant Petersen individually arise out of PACA and the alleged (but untrue) control by Defendant Petersen of the alleged PACA trust assets.

Defendant Petersen, however, is not, and has never been, an officer, director, or shareholder of Liquadry.  See Affidavit of Deeanna Petersen in Support of Motion to Dismiss at ¶ 4, attached hereto as Exhibit A.  Defendant Petersen is an employee of Liquadry and her job title is Administrative Assistant.  See Ex. A at ¶ 3.  Further, Defendant Petersen does not control any of the assets of Liquadry.  See Ex. A at ¶¶ 5-6.

Thus, Plaintiff has failed to state any claim against Defendant Petersen upon which relief can be granted. All causes of action in the Complaint against Defendant Petersen should be dismissed with prejudice.

DATED this 6th day of August, 2010.

/s/ Gregg K. Stepan
Gregg K. Stepan
Christopher F. Lewis
STEPAN LEWIS & PAXMAN, LC
Attorneys for Defendant Deeanna Petersen

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of the filing of the foregoing to Plaintiff's attorney, and I further certify that a true and correct copy of the foregoing was deposited in U.S. Mail, postage prepaid, on this 6th day of August, 2010, addressed to:

Liquadry, Inc.
3000 North 7500 West
Abraham, Utah 84635

/s/ Gregg K. Stepan

# Exhibit A

Gregg K. Stepan, gstepan@splutah.com, 8505
Christopher F. Lewis, clewis@slputah.com, 8556
Attorneys for Defendant Deeanna Petersen
STEPAN, LEWIS & PAXMAN, LC
7410 Creek Road, Suite 100
Sandy, Utah 84093
Tel. 801.233.0606
Fax 801.233.0607

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| GRANT FAMILY FARMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LIQUA-DRY, INC. a/k/a LIQUADRY, INC., and DEEANNA PETERSEN, each individually, <br><br> Defendants. | **AFFIDAVIT OF DEEANNA PETERSEN IN SUPPORT OF DEFENDANT DEEANNA PETERSEN'S MOTION TO DISMISS** <br><br> Civil No. 2:10-cv-551 <br><br> Judge Samuel Alba |

### AFFIDAVIT

Under penalty of perjury, I, Deeanna Petersen, hereby state that the following are true and correct:

1. I am at least 18 years old.

2. I have personal knowledge of the facts set forth in this affidavit.

3. I am employed by Liqua-Dry, Inc. ("Liquadry") and my job title is Administrative Assistant. I also agreed to be named as the registered agent in Utah of Liquadry.

4. I am not, and I have never been, an officer, director, or shareholder of Liquadry.

5. I have no authority in my job to control, and I do not actually control, any of the finances, moneys, bank accounts, or any other assets of Liquadry.

6. All actions that I take in my job must be approved and/or requested by other higher authorities within Liquadry.

DATED this 6th day of August, 2010.

*Deeanna Petersen*
Deeanna Petersen

SUBSCRIBED AND SWORN TO before me this 6th day of August, 2010.

*[signature]*
NOTARY PUBLIC

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of the filing of the foregoing to Plaintiff's attorney, and I further certify that a true and correct copy of the foregoing was deposited in U.S. Mail, postage prepaid, on this 6th day of August, 2010, addressed to:

Liquadry, Inc.
3000 North 7500 West
Abraham, Utah 84635

/s/ Gregg K. Stepan